UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ALVARO ENRIQUE CUAO BARROS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION FACILITY,<br><br>Respondent. | No. 1:26-CV-00509-H |

**ORDER**

Petitioner Alvaro Enrique Cuao Barros, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge his detention in the Bluebonnet Detention Center pending removal proceedings. Dkt. No. 1. Later, he filed a supplement requesting consideration of pre-detention medical records as part of his petition. Dkt. No. 8. Petitioner also asks that "qualified professionals assess his physical and emotional concerns." *Id.* at 3. However, Petitioner specifically does not ask the Court to replace the Government's ordered response or alter any existing deadline. *Id.* at 2. To the extent Petitioner seeks only to supplement the information contained in his petition for the Court's final review, the request is granted. However, to the extent Petitioner's request that a qualified professional assess his physical and emotional concerns may be liberally construed as a motion for injunctive relief, the request is denied.

**1. Legal Standards**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*,

No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

## 2. Analysis

The Court has ordered briefing in this case, and the government's response is due on or before October 28, 2026. *See* Dkt. No. 6. Now, Petitioner appears to request an order

requiring assessment of his medical and emotional condition during his detention. *See* Dkt. No. 8 at 3. But Petitioner's complaints about his medical condition and lack of information about his current medical care are not the proper subject of a habeas corpus petition. The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976). "[H]abeas corpus, although correctly alluded to as the Great Writ, cannot be utilized as a springboard to adjudicate matters foreign to the question of the legality of the custody." *Foreman v. Director, TDCJ-CID*, 2011 WL 5080180, at *5 (E.D. Tex. July 12, 2011) (citing *Pierre*, 525 F.2d at 936), *rec. accepted* 2011 WL 5081074 (E.D. Tex. Oct. 24, 2011).

Moreover, unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release as a remedy. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997)). Rather, the proper remedy for unconstitutional conditions of confinement should be equitable—to correct the unlawful practices that make the conditions intolerable. *See Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979); *see also Klein v. Chandler*, 2013 WL 2634400, at *3 (N.D. Tex. June 11, 2013) (noting that injunctive relief related to medical treatment was not a proper subject for a habeas corpus petition). Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, or procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127–28 (5th Cir. 1987)). In

short, because habeas relief based on Petitioner's medical condition is unwarranted, he is not entitled to a TRO requiring a medical evaluation in this habeas action.[1]

This habeas petition remains pending and will be considered in due course once briefing is complete.

So ordered on October 28, 2026.

JAMES WESLEY HENDRIX
United States District Judge

[1] Denial of this motion does not prejudice Petitioner's right to pursue his conditions-based claim in a separate civil-rights complaint in a procedurally correct manner.